**UNITED STATES of America, Plaintiff–Appellee**

v.

**Samuel SALDANA, Jr., Defendant–Appellant.**

**Nos. 04–50527, 04–50591.**

United States Court of Appeals, Fifth Circuit.

Decided June 24, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Mark Twain Roomberg, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Evers Jason Leach, Law Offices of E. Jason Leach, Odessa, TX, for Defendant–Appellant.

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

IT IS ORDERED that the district court supplement its final order of judgment and

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

commitment for Samuel Saldana, specifically setting forth the reasons for which the court upwardly departed in sentencing the defendant. Although the district court expressed reasons orally, its original order stated only that it upwardly departed 'under U.S.S.G. § 5K2.0, the policy statement that sets forth the general rules for departure under the United States Sentencing Guidelines. This general reference does not specify any particular grounds or reasons for departing or for the extent of the departure, and thus fails to fulfill the mandatory requirements of 18 U.S.C. § 3553(c)(2) for the sentencing court to commit its reasons for a departure to writing. Neither is the district court's order sufficiently specific to permit us to determine the reasonableness of the court's departure from the guidelines range. Retaining jurisdiction for further proceedings following remand, this panel remands this case to the district court for the limited purpose of having it render a supplemental order expressing its reasons for upwardly departing. We request that the court do so as expeditiously as practicable.

REMANDED.